UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**04CR 10163-RGS**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| | COUNT ONE |
| v. | 18 U.S.C. §1546(a) |
| | (Transfer of Fraudulent Identification Documents) |
| JOAQUIM BARBOSA-NETO | |
| | Forfeiture Allegations |
| | 18 U.S.C. § 982(a)(6) |

**INFORMATION**
**COUNT ONE**
**(Transfer of Fraudulent Identification Documents)**

The United States Attorney charges:

On or about August 21, 2003, in the District of Massachusetts,

**JOAQUIM BARBOSA-NETO**

the defendant herein, did knowingly use and possess documents prescribed by statute or regulation for entry into and as evidence of authorized stay and employment in the United States, to wit, alien registration cards, and social security account number cards, knowing the same to be forged, counterfeited, altered and falsely made.

All in violation of 18 U.S.C. §1546(a) and §2.

**FORFEITURE ALLEGATION**: 18 U.S.C. § 982(a)(6)
(Criminal Forfeiture)

The United States Attorney further charges that:

1. As a result of committing the offenses alleged in Count One, charging transfer of fraudulent identification documents, in violation of 18 U.S.C. §1546,

**JOAQUIM BARBOSA-NETO**

defendant herein, upon conviction, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), any and all property that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense or that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

Such property includes, but is not limited to, the following:

   (a) $7,000 in United States currency, seized from 196 Stackpole Street, Apt. #6, Lowell, MA or about March 5, 2004

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 982(a)(6).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: *Nadine Pellegrini*
Nadine Pellegrini
Assistant U.S. Attorney