```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,    )
         Plaintiff,          )
                             )
     v.                      )    CRIMINAL NO. 04-10163-RGS
                             )
JOAQUIM BARBOSA-NETO,        )
         Defendant.          )
```

### PRELIMINARY ORDER OF FORFEITURE

**STEARNS, D.J.**,

WHEREAS, or about May 25, 2004, a One-Count Information was filed with the District Court of Massachusetts charging the defendant, Joaquim Barbosa-Neto (the "Defendant" or "Barbosa-Neto"), with Transfer of Fraudulent Identification Documents, in violation of 18 U.S.C. § 1546(a);

AND WHEREAS, the Information also included a Forfeiture Allegation, charging the Defendant with Criminal Forfeiture, pursuant to 18 U.S.C. § 982(a)(6);

AND WHEREAS, the Forfeiture Allegation of the Information sought the forfeiture, as a result of the offenses alleged in Count One, of any and all property, that constitutes, or is derived from, or is traceable to, the proceeds obtained, directly or indirectly, from the commission of the offense or that is used to facilitate, or is intended to be used to facilitate, the commission of the offense, including, but not limited to, the following:

 (a) $7,000.00 in United States Currency, seized from 196 Stackpole Street, Apt. #6, Lowell, MA, on or about March 5, 2004;

AND WHEREAS, on or about June 21, 2004, the Defendant entered a plea of guilty to Count One of the Information;

AND WHEREAS, on or about August 24, 2004, the Defendant was sentenced to ten (10) months' incarceration and was ordered by the District Court to forfeit $1,060.00 in United States Currency (the "Currency"), and the remaining balance was ordered returned to the Defendant via his attorney;

AND WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency, or substitute assets in a value up to the value of the Currency, that is $1,060.00;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Based upon the conviction of the Defendant, the United States is hereby authorized to seize the Currency and it is hereby forfeited to the United States of America for disposition pursuant to the provisions of 21 U.S.C. § 853(h), as incorporated by 18 U.S.C. § 982.

2. The Currency is to be seized and held by the United States Department of Homeland Security, Bureau of Customs and Border Protection, in its secure custody and control.

3.  Pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982, the United States Department of Homeland Security, Bureau of Customs and Border Protection, shall take any other appropriate steps, pursuant to the applicable provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982, to seize, forfeit, and dispose of the Currency, giving notice as required by law.

4.  Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982, the United States Department of Homeland Security, Bureau of Customs and Border Protection, shall publish at least once for three successive weeks in the Boston Herald, or any other newspaper of general circulation in the District in which the Currency is located, notice of this Order and of the intent of the United States to dispose of the forfeited Currency in such manner as the Attorney General may direct.

5.  Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982, the United States Department of Homeland Security, Bureau of Customs and Border Protection, shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Currency to be forfeited.

6.  Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 982, the notice referred to in paragraphs 4 and 5, above, shall state: (a) that any person, other than the Defendant, asserting a legal interest in the

Currency shall within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

    7.    Pursuant to 21 U.S.C. § 853(n)(6) and (7), as incorporated by 18 U.S.C. § 982, following the Court's disposition of all petitions filed under this subsection, or, if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982, for the filing of such petitions, the United States of America shall have clear title to the forfeited Currency.

8.  Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982, in which all interests will be addressed.

 

_____
RICHARD G. STEARNS
United States District Judge

Date:

N:\JZacks\barbosa neto\Preliminary Order of Forfeiture.wpd